IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. PLEASANT,

    Plaintiff,

v.                        Civil Action No. 3:14CV525

TRACY THORNE-BEGLAND, <u>et al.</u>,

    Defendants.



### MEMORANDUM OPINION

Jeffrey A. Pleasant, a Virginia inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, has filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C.

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

§ 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally

3

construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Pleasant has named the following individuals as Defendants: Shannon L. Taylor, Commonwealth's Attorney for Richmond, Virginia; Tracy Thorne-Begland, Chief Deputy Commonwealth's Attorney for Richmond, Virginia; Ali J. Amirshahi, a court-appointed attorney; and Judge Margaret Spencer of the Circuit Court for the City of Richmond, Virginia. (Compl. ¶¶ 7-11, ECF No. 1.)[2]  The Court provides the following summary of Pleasant's allegations.

On January 24, 2000, Pleasant was "charged with committing two robberies, two use of a firearm in the commission of robberies and two counts of possession of a firearm by a convicted felon." (Compl. ¶ 13.)  These charges "were documented as Case Nos. (CR00-362-F), (CR00-363-F), (CR00-364-F)

---

[2] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in quotations from the Complaint.

4

and (CR00-F-1026, CR00-F-1027), (CR00-F-1028)." (Id.) On March 6, 2000, Pleasant appeared in the General District Court for the City of Richmond for a preliminary examination regarding "Case Nos. (CR00-F-2016 through -1028)." (Id. ¶ 15.) The General District Court "certified the offenses to Circuit Court, Commonwealth's Attorney Shannon L. Taylor did not object." (Id.) On March 13, 2000, Pleasant appeared in the Manchester General District Court for a preliminary examination "for Case Nos. (CR00-362-F through -364-F)." (Id. ¶ 16.) The General District Court "certified the offenses to Circuit Court; Commonwealth's Attorney Shannon L. Taylor did not object." (Id.)

On March 25, 2000, Pleasant was indicted in Chesterfield County, Virginia. (Id. ¶ 17.) On August 1, 2000, in Chesterfield County, Pleasant was "tried and convicted . . . for one count of robbery and one count of use of a firearm in the commission of a felony." (Id. ¶ 18.) The next day, "the sheriff of . . . Richmond turned Pleasant over to the U.S. Marshals." (Id. ¶ 19.) The Marshals brought Pleasant to this Court, where he was informed "that he was about to be arraigned on federal indictments handed down February 25, 2000." (Id.) Subsequently, Pleasant "learned that he was being prosecuted for the exact same state offenses, under 'Project Exile.'" (Id. ¶ 20.)

On December 12, 2000, a federal jury "found Pleasant guilty." (<u>Id.</u> ¶ 21.) On May 22, 2001, this Court sentenced Pleasant to 622 months of incarceration. (<u>Id.</u>) This Court indicated that the Circuit Court for the City of Richmond had "dismissed the state offenses on July 19, 2000." (<u>Id.</u> ¶ 22.)

"After many challenges to the state arrest, Pleasant discovered that . . . the Circuit Court did not dismiss the offenses on July 19, 2000." (<u>Id.</u> ¶ 23.) On September 9, 2010, "Pleasant found that in order to maintain the fraud that was committed, Commonwealth's Attorney Tracy Thorne-Begland was willing to . . . say things in a Motion to Vacate that were contradictory and false." (<u>Id.</u> ¶ 24.)[3] On March 14 and 19, 2013, Circuit Court Judge Margaret Spencer "issued orders saying that the state offenses were dismissed March 6, 2000." (<u>Id.</u> ¶ 25.)[4] Pleasant asserts that Judge Spencer's statement regarding the dismissal of the state charges was fraudulently made. (<u>Id.</u>)

Pleasant now claims "that he was treated differently than those similarly situated pursuant to the initiation and

---

[3] Pleasant refers to the Motion to Dismiss Thorne-Begland filed concerning a motion to vacate a void judgment Pleasant had filed in the Circuit Court for the City of Richmond. (Compl. Ex. B, ECF No. 1-1 at 2-5.)

[4] These Orders dismissed a Writ of Habeas Corpus Pleasant has filed in the Circuit Court for the City of Richmond on December 11, 2012. (Compl. Ex. D, ECF No. 1-1 at 11-14.)

furtherance of the PROJECT EXILE law enforcement initiative."
(Id. ¶ 27.) The Court construes Pleasant's Complaint to raise
the following claims:

Claim One:      Pleasant's rights to due process[5] and equal
                protection[6] under the Fourteenth Amendment were
                violated when:
                (a) Defendant Taylor "unilaterally withdrew case
                nos. (CR00-362-F through -362-F) March 2, 2000,
                pursuant to the furtherance of the Project Exile
                law enforcement initiative, without informing
                Plaintiff that he would not be prosecuted in
                state jurisdiction prior to the two preliminary
                examinations March 6, and March 13, 2000." (Id.
                ¶ 30.)
                (b) Defendant Thorne-Begland "made false and
                contradictory allegations in a Motion to Dismiss
                filed September 9, 2010 . . . [by] plac[ing] on
                record the presumption that all 6 offenses were
                heard in Richmond City Circuit Court on March 6,
                2000 and dismissed on July 19, 2000, which
                statements are untrue." (Id. ¶ 31.)
                (c) Defendant Spencer "denied him habeas corpus
                relief, alleging falsely that on March 6, 2000,
                on motion of the Commonwealth's Attorney the
                Circuit Court dismissed the offenses against the
                Plaintiff." (Id. ¶ 32.)

Claim Two:      Defendant Amirshahi violated Pleasant's rights to
                due process and effective assistance of counsel[7]
                under the Sixth and Fourteenth Amendments when
                Amirshahi "abandoned him without insuring that he

---

[5] "No State shall . . . deprive any person of life, liberty,
or property, without due process of law . . . ."   U.S. Const.
amend. XIV, § 1.

[6] "No State shall . . . deny to any person within its
jurisdiction the equal protection of the laws."   U.S. Const.
amend. XIV, § 1.

[7] "In all criminal prosecutions, the accused shall enjoy the
right . . . to have the Assistance of Counsel for his defence."
U.S. Const. amend. VI.

was lawfully discharged from state prosecution by order of the Circuit Court Judge." (Id. ¶ 33.)

Claim Three: Defendants Taylor, Thorne-Begland, and Spencer "have all engaged in committing extrinsic fraud, and fraud on the U.S. District Court pursuant to the initiation, furtherance and in maintaining the presumption of correctness in the Project Exile law enforcement initiative, as it was applied and furthered in Pleasant's case. The defendants acting in concert and collusion, so as to deny and deprive plaintiff of his 5th, 6th, and 14th Amend. rights under the U.S. Constitution. Pleasant was not provided with notice that the alleged six 6 state felony offenses were withdrawn on alleged March 6, 2000. . . . There exists no evidence that shows that Pleasant was afforded opportunity or a notice to be heard for the alleged (6) felony offenses." (Id. ¶ 34.)

Claim Four: Defendants Taylor, Thorne-Begland, and Spencer "failed and refused to coordinate with each other when they knew that Pleasant had been deprived of his constitutional rights. And they all worked together to deny him any kind of relief . . . ." (Id. ¶ 36.)

Claim Five: Defendant Amirshahi "failed and refused to involve himself in continuing to represent Pleasant in aid of him pursuing his statutory and constitutional rights . . . ." (Id. ¶ 37.)

Claim Six: Defendants failed to ensure that Pleasant's rights under the Sixth's Amendment's guarantee of a speedy trial,[8] the Speedy Trial Act, and the Interstate Agreement on Detainers Act were not violated. (Id. ¶¶ 38-40.)

Pleasant seeks declaratory and injunctive relief, as well as monetary damages. (Id. ¶¶ 41-49.)

---

[8] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

### III. ANALYSIS

#### A.   Pleasant's Conspiracy Claims

In Claims Three and Four, Pleasant suggests that the named Defendants engaged in a conspiracy to violate his constitutional rights. In Claim Three, Pleasant asserts that Defendants Taylor, Thorne-Begland, and Spencer "act[ed] in concert and collusion, so as to deny and deprive plaintiff of his 5th, 6th, and 14th Amend. rights under the U.S. Constitution." (Compl. ¶ 34.) In Claim Four, Pleasant alleges that these Defendants "worked together to deny him any kind of relief where they all had an opportunity to do so . . . ." (Id. ¶ 36.)

To establish a civil conspiracy under § 1983, Pleasant must allege facts indicating that Taylor, Thorne-Begland, and Spencer "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in which resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). To this end, Pleasant must allege facts that plausibly suggest "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (quoting Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1181 (9th Cir. 1989)). "Where the complaint makes only conclusory allegations of a conspiracy under § 1983

and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint." Brown v. Angelone, 938 F. Supp. 340, 346 (W. D. Va. 1996) (citations omitted).

Here, Pleasant merely alleges that Taylor, Thorne-Begland, and Spencer conspired to deny Pleasant of his Fifth, Sixth, and Fourteenth Amendment rights. Nowhere in his Complaint does Pleasant provide any facts that plausibly suggest that these Defendants "formed any type of agreement or acted in concert to injure him." Id. "The mere fact that each of these actors played a part in the events is not sufficient to show such a unity of purpose." Id. For this reason, Claims Three and Four will be dismissed.

### B. Amirshahi Is Not Amenable To Suit Under § 1983

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state

10

law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Pleasant's claims against Amirshahi will be dismissed.

### C. Claims Against Judge Spencer

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" Lesane v. Spencer, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972) overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." Stump, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-

11

12 (1991) (citation omitted).  Because Pleasant fails to allege
facts suggesting that either exception applies in this instance,
his claims against Judge Spencer will be dismissed.

### D.    Claims Against Taylor and Thorne-Begland

Pleasant seeks monetary damages, as well as declaratory and
injunctive relief, from Defendants Taylor and Thorne-Begland.
Prosecutorial immunity, however, bars Pleasant's claims for
monetary damages against Taylor and Thorne-Begland.  See Imbler
v. Pachtman, 424 U.S. 409, 430 (1976).  Prosecutorial immunity
extends to actions taken while performing "the traditional
functions of an advocate," Kalina v. Fletcher, 522 U.S. 118, 131
(1997) (citations omitted), as well as functions that are
"intimately associated with the judicial phase of the criminal
process."   Imbler, 424 U.S. at 430.   To ascertain whether a
specific action falls within the ambit of protected conduct,
courts employ a functional approach, distinguishing acts of
advocacy from administrative duties and investigative tasks
unrelated "to an advocate's preparation for the initiation of a
prosecution or for judicial proceedings."   Buckley v.
Fitzsimmons, 509 U.S. 259, 273 (1993) (citation omitted); Carter
v. Burch, 34 F.3d 257, 261-63 (4th Cir. 1994).   Absolute
immunity protects those "acts undertaken by a prosecutor in
preparing for the initiation of judicial proceedings or for

trial, and which occur in the course of his role as an advocate for the State." Buckley, 509 U.S. at 273.

Pleasant seeks to hold Taylor liable for failing to inform Pleasant "that he would not be prosecuted in state jurisdiction prior to the two preliminary examinations March 6, and March 13, 2000." (Compl. ¶ 30.)  Pleasant seeks to hold Thorne-Begland liable for making allegedly "false and contradictory allegations in a Motion to Dismiss filed September 9, 2010" regarding the prior dismissal of Pleasant's state charges in the Circuit Court for the City of Richmond. (Id. ¶ 31.)  Pleasant, however, fails to allege facts suggesting that Taylor and Thorne-Begland acted outside of their roles as advocates for the Commonwealth of Virginia. See Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) ("The doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution."); Carter, 34 F.3d at 263 (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . ."). Thus, Pleasant's claims for monetary damages against Taylor and Thorne-Begland are foreclosed, and will be dismissed.

Nevertheless, "prosecutors are not immune from suit as to requests for declaratory or injunctive relief." Blakeney v. Marsico, 340 F. App'x 778, 779 (3d Cir. 2009) (citing Supreme

Court of Va. v. Consumers Union of the U.S., 446 U.S. 719, 736 (1980); Jorden v. Nat'l Guard Bureau, 799 F.2d 99, 110 (3d Cir. 1986)). As explained below, Pleasant's requests for declaratory and injunctive relief against Taylor and Thorne-Begland are barred by the applicable statute of limitations.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. Brown v. Harris, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. Nasim, 64 F.3d at 955 (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia apples a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2015). Hence, Pleasant should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim, 64 F.3d at 955).

14

Pleasant filed his Complaint on July 18, 2014.[9] (Compl. 18.) Thus, for Pleasant's claims against Taylor and Thorne-Begland to be timely, the claims must have accrued on or after July 18, 2012. However, the Complaint fails to allege any facts indicating that Pleasant's claims against Taylor and Thorne-Begland accrued on or before July 18, 2012. Instead, Pleasant challenges actions taken by them that Pleasant would have been aware of, at the latest, in 2000 and 2010. Accordingly, because Pleasant's claims against Taylor and Thorne-Begland are untimely filed, Pleasant's claims for declaratory and injunctive relief against these Defendants will be dismissed.

### E. Pleasant's Action Is Malicious And Frivolous

Pleasant has inundated the Court with numerous frivolous post-conviction motions and petitions challenging his federal convictions and state charges. See, e.g., Pleasant v. Clarke, No. 3:14CV144 (E.D. Va. Nov. 26, 2014); Pleasant v. Clarke, No. 3:14CV266 (E.D. Va. Nov. 26, 2014); Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014); United States v. Pleasant, Nos. 3:00CR71, 3:13CV289, 2013 WL 2950522, at *1 (E.D. Va. June 13, 2013). Having met with no

---

[9] Pleasant certifies that he mailed a copy of his Complaint to the Court on that day. See Lewis v. Richmond Cty. Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for filing).

success, Pleasant has filed the instant action. However, the Court finds that Pleasant fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass the prosecutors responsible for ultimately moving for the dismissal of Pleasant's state charges and responding to Pleasant's state court filings, the Circuit Court judge who entered orders denying Pleasant's state petition for a writ of habeas corpus, and the defense attorney who represented Pleasant on the state charges. Accordingly, the Court also dismisses this action as malicious and frivolous. See Cain v. Virginia, 982 F. Supp. 1132, 1136-38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting Spencer v. Rhodes, 656 F. Supp. 458, 363-64 (E.D.N.C. Mar. 19, 1987))).

16

## IV. CONCLUSION

For the foregoing reasons, Pleasant's claims will be dismissed. The action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

Date: June 17, 2016                   /s/              REP
Richmond, Virginia        Robert E. Payne
                          Senior United States District Judge